UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                          Chapter 13
                                                               Case No. 05-35118(cgm)
    WILL HERRING,

                      Debtor.
-------------------------------------------------------------------x

## ORDER DENYING MOTION TO REOPEN CHAPTER 13 CASE

      Whereas, Debtor Will Herring (the "Debtor") filed this Chapter 13 case on January 18, 2005. Debtor's previous Chapter 13 case, case no. 04-35836, was voluntarily dismissed on August 16, 2005 upon the Debtor's motion subsequent to American General Finance's (the "secured creditor") filing of a Motion for Relief from Stay with Prejudice, see case no. 04-35836, ECF Docket Nos. 8 and 9.

      Whereas, on March 3, 2005, more than a month after this bankruptcy case was filed, the secured creditor filed a "Motion for Relief from Stay With Prejudice as Alternative Relief to Motion to Dismiss with Prejudice," (the "Lift Stay/Dismissal Motion"), ECF Docket No. 8, case no. 05-35118. The Lift Stay/Dismissal Motion was returnable on March 22, 2005, and alleged, *inter alia*, that the current bankruptcy case was filed in violation of 11 U.S.C. §109(g)(2). On March 21, 2005, Debtor filed a Motion to Dismiss his Chapter 13 case. The order was signed and the case was closed that day, before the Lift Stay/Dismissal Motion was heard by the Court.

      Whereas, on March 21, 2005, the secured creditor filed a Motion to Reopen Chapter 13 Case (the "Motion to Reopen"), ECF Docket No. 11, asking the Court to reopen Debtor's Chapter 13 case for the purpose of designating the order dismissing Debtor's Chapter 13 case with prejudice and *in rem* with the goal of permitting a foreclosure sale to be held. The Motion to Reopen was returnable on April 19, 2005.

      Whereas, counsel for secured creditor, Doris Barkhordar, Esq., did not appear at the April 19, 2005 hearing (the "Hearing") but instead elected to hire local counsel to appear on her behalf. At the Hearing, local counsel requested that the case be reopened to which request the Court responded that because the case was voluntarily dismissed subsequent to the filing of a request for relief from the automatic stay provided by section 362 of title 11, Debtor was ineligible to be a debtor for a 180 day period and that therefore, the relief requested was redundant. Local counsel indicated that the current case was filed in violation of 11 U.S.C. § 109(g), necessitating the additional designation. The Court then questioned local counsel as to why secured creditor had not brought to the Court's attention the fact that Debtor was ineligible to file for bankruptcy relief pursuant to 11 U.S.C. § 109(g) in an expedited fashion, i.e. by Order to Show Cause, which would have obviated the necessity of bringing the Motion to Reopen to obtain the relief

requested. Local counsel indicated that because he was appearing as local counsel he was not aware of why an Order to Show Cause was not filed.

Upon the foregoing, and in consideration of the motion papers submitted by the secured creditor as well as counsel's inability to satisfactorily answer the Court's questions, the Court declines to exercise its discretion to reopen Debtor's closed Chapter 13 case. To do so would be futile, as the relief sought already exists by virtue of the operation of 11 U.S.C. § 109(g)(2). The onus continues to be on the secured creditor to immediately bring any violation of 11 U.S.C. § 109(g) to the Court's attention in an expeditious fashion.

WHEREFORE, it is hereby

ORDERED, that Motion to Reopen is denied in its entirety.

Dated: Poughkeepsie, New York
April 25, 2005                                    /s/ CECELIA G. MORRIS
                                                  Cecelia G. Morris, U.S.B.J.